**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **JAMES EDWARDS,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. RWT 05-3251 |
| **R. JAMES NICHOLSON,**<br>**U.S. SECRETARY OF VETERANS**<br>**AFFAIRS,** | * | |
| Defendant. | * | |

*******

**MEMORANDUM OPINION**

Plaintiff James Edwards brings this action against the United States,[1] several insurance companies, an insurance agency, and a mortgage servicing company to recover damages incurred after his residence was destroyed by an electrical fire and his insurance recovery was allegedly denied because no one had been paying the premiums. The United States is involved because it, through the Department of Veterans Affairs ("VA"), originated, and for a time serviced, Plaintiff's mortgage loan. Edwards alleges that VA was contractually obligated to service his mortgage "in a competent fashion free of negligence"; that it breached its obligation by failing to "adequately monitor, record, manage, service, or maintain records relating to [Plaintiff's] escrow account" during the period when VA was servicing the mortgage loan; and that this failure prevented subsequent mortgage service providers from correctly managing the escrow account and ensuring that his hazard

---

[1] The named defendant is the Hon. R. James Nicholson, U.S. Secretary of Veterans Affairs. The complaint makes it clear, however, that the real defendant is the United States itself, and that the only relief sought is "judgment against the United States in the amount of $500,000.00." Complaint at 6. The formal caption is of no relevance; a suit against federal officials in their official capacity for monetary damages is a suit against the sovereign, and subject to principles of sovereign immunity where, as here, damages would be paid out of the treasury. *See Dugan v. Rank*, 372 U.S. 609, 620 (1963).

insurance premiums were paid. Complaint ¶¶ 17–19, 21. The sole count alleged against the United States, Count I, is for this alleged breach of contract. Because the United States is entitled to sovereign immunity, for the reasons that follow, Count I must be dismissed.

The United States is immune to suit unless it has waived sovereign immunity and thereby granted its consent to be sued. *See Global Mail Ltd. v. U.S. Postal Serv.*, 142 F.3d 208, 210 (4th Cir. 1998). The United States has waived its sovereign immunity as to contract actions through two statutes, the Tucker Act, 28 U.S.C. § 1491, and the so-called "Little Tucker" Act, 28 U.S.C. § 1346(a)(2). The Tucker Act permits contract actions against the United States without a jurisdictional limit, but these actions must be brought in the U.S. Court of Federal Claims. § 1491(a)(1). The "Little Tucker" Act permits contract actions against the United States to be brought in federal district courts, but only to the extent that they do not claim in excess of $10,000. § 1346(a)(1). Because Edwards' breach of contract claim against the United States seeks $500,000 in damages, it can be brought only in the Court of Federal Claims under the Tucker Act. *See Int'l Sci. & Tech. Inst., Inc. v. Inacom Comms., Inc.*, 106 F.3d 1146, 115 n.2 (stating that "jurisdiction of cases involving more than $10,000 lies exclusively in the Court of Federal Claims by virtue of 28 U.S.C. § 1491").

Edwards attempts to find a waiver of sovereign immunity in 28 U.S.C. § 2410(a), which provides that

> the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—
> (1) to quiet title to,
> (2) to foreclose a mortgage or other lien upon,
> (3) to partition,
> (4) to condemn, or
> (5) of interpleader or in the nature of interpleader with respect to,
> real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410(a). However, this statute is inapposite because this suit does not fit into any of the enumerated categories, all of which pertain to the disposition of property in which the United States claims an interest. The purpose of § 2410 is to permit private parties who wish to litigate the priority of liens on a property to name the United States—a necessary party—as a defendant, an act that would otherwise be barred by sovereign immunity. *See United States v. Brosnan*, 363 U.S. 237, 242–46 (1960) (discussing § 2410 and related statutes). This case, in contrast, is simply a contract action that seeks damages relating to how a mortgage was serviced; it does not concern the validity or priority of the mortgage, and it implicates neither the text nor the rationale of § 2410.

Edwards' other arguments as to why sovereign immunity has been waived likewise fail. The text of the contractual provision is irrelevant to the question of sovereign immunity; there is no need for discovery to determine whether sovereign immunity will apply. Likewise, Edwards' argument that "sovereign immunity only applies to those functions that have been statutorily authorized by Congress" is simply incorrect.

Accordingly, the United States is entitled to sovereign immunity in this Court. Count I will be dismissed for lack of subject-matter jurisdiction by separate order.

 July 11, 2006                                                                /s/
DATE                                                                 ROGER W. TITUS
                                                               UNITED STATES DISTRICT JUDGE